UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LUIS ABRAHAM CUEVAS-HERNANDEZ,<br>Petitioner,<br>v.<br>BRUCE SCOTT, et al.,<br>Respondents. | Case No. 2:26-cv-03030-TMC<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

## I. ORDER

The petition for writ of habeas corpus is GRANTED. The parties agree that Petitioner is a Bond Denial Class member in *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297 (W.D. Wash. 2025). Noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026). Petitioner has shown that his mandatory detention under § 1225(b) violates the Immigration and Nationality Act ("INA"), entitling him to habeas relief. *See* 28 U.S.C. § 2241(c)(3).

Petitioner argues that "the appropriate remedy is immediate release—not further proceedings that leave the underlying violation intact." Dkt. 1 at 7. But despite being detained since August 6 (Dkt. 1 at 3), petitioner does not yet appear to have requested a bond hearing

before an Immigration Judge ("IJ"). As Respondents point out, "Petitioner could have simply requested a bond hearing from the immigration court and avoided the need for this litigation." Dkt. 7 at 4.

Petitioner further contends that "experience in this District demonstrates that ordering a bond hearing alone" is insufficient because "[i]n numerous cases . . . Courts in this District have ordered Respondents to provide a constitutionally adequate custody determination, only for Immigration Judges to subsequently deny release through conclusory or unsupported flight-risk findings." Dkt. 1 at 10.

Petitioner is reminded that it is not the Court's role to decide in the first instance whether a noncitizen is entitled to discretionary release on bond when the INA commits that decision to the executive branch. The Court's role is to adjudicate legal challenges to those decisions once they occur, and to grant habeas relief when a petitioner shows that his detention violates the law. *See Martinez v. Clark*, 124 F.4th 775, 782 (9th Cir. 2024) (habeas court's review of IJ's bond decision is limited to determining "whether an IJ correctly applied the [legal] standard to a given set of facts" (quoting *Wilkinson v. Garland*, 601 U.S. 209, 221 (2024)).

For the reasons explained above, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2. Within seven days of receiving Petitioner Luis Abraham Cuevas-Hernandez's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a). Petitioner must request a bond hearing to receive this relief.

3. If Petitioner is released, Respondents must return to Petitioner any personal property, including any personal identification document (other than a passport) and any employment authorization document.

4. Nothing in this order prevents an Immigration Judge from granting a request by Petitioner for a continuance in his bond proceedings.

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412. The parties are encouraged to confer before filing a petition.

Dated this 10th day of September, 2026.

Tiffany M. Cartwright
United States District Judge